IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00264-MSK-BNB

WALTER MICHALAK,

       Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,

       Defendant.

_____

## OPINION AND ORDER GRANTING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss

(**# 3**), and the Plaintiff's *pro se* response (**# 21**).

According to the Complaint (**# 1**), the Plaintiff was arrested in a Wal-Mart store on

October 6, 2002.  The arrest was based on an accusation by Wal-Mart employees that the Plaintiff

had shoplifted.  The Plaintiff denies that he had engaged in any shoplifting, and the charges against

him were dismissed on July 8, 2003.  He commenced this action on February 6, 2007, alleging

claims for: (i) malicious prosecution; (ii) false imprisonment; (iii) violation of his civil rights on the

basis of national origin, in violation of 42 U.S.C. § 1983; (iv) intentional infliction of emotional

distress; (v) negligent infliction of emotional distress; and (vi) negligence.

The Defendant moves to dismiss (**# 3**) the Complaint, alleging that all of the Plaintiff's

claims are untimely.  The Plaintiff filed a response (**# 21**), stating that he had sought to litigate his

claims in state court in November 2004, sixteen months after the dismissal of the criminal charges against him, but the claims were dismissed as untimely.

The Court is mindful of the Plaintiff's *pro se* status, and, as a result, construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so despite the Plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

The Plaintiff's Complaint makes a facial showing of federal jurisdiction arising from both the existence of a federal question under 28 U.S.C. § 1331, and diversity of citizenship under 28 U.S.C. § 1332. Accordingly, because the Court has original jurisdiction over all of the Plaintiff's

claims, it will examine the timeliness of each claim separately.  Because the incident occurred in Colorado, the Court will further assume that the Plaintiff's various tort claims arise under Colorado law, and are governed by Colorado's statutes of limitations.

Under Colorado law, all tort claims are governed by a 2-year statute of limitations.  C.R.S. § 13-80-102(1)(a).  Claims under 42 U.S.C. § 1983 are also governed by a 2-year statute of limitations.  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).  Claims accrue when the facts necessary to support the cause of action are or should be apparent to the Plaintiff.  *Id.*

The Court need not painstakingly examine each claim to determine its date of accrual because, at the very latest, the Complaint clearly indicates that the Plaintiff knew of all of the predicate facts underlying his claims no later than July 8, 2003, the date upon which the criminal charges against him were dropped.  Indeed, the Complaint does not discuss any event occurring after the dismissal of charges against him, much less show that such later events were necessary to trigger the accrual of any claim.  Accordingly, all of the Plaintiff's claims accrued no later than July 8, 2003, and became untimely on July 8, 2005, more than a year and a half before the commencement of this action.  Thus, all of the Plaintiff's claims here are barred by the statute of limitations.

The Plaintiff's response to the motion notes that the Plaintiff did attempt to timely commence this action in state court, but that his claims were dismissed.  To the extent that the Plaintiff believes that the state court's ruling was incorrect, his remedy is to avail himself of the appeals available under the applicable state rules of procedure, not through a new, untimely action in federal court.  The Plaintiff points to, and the Court is aware of no, provision of state law that

3

tolls the running of the statute of limitations based on the Plaintiff's prior unsuccessful state court action.

Accordingly, the Defendant's Motion to Dismiss **(# 3)** is **GRANTED**.  The Complaint **(# 1)** is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6), and the Clerk of the Court is directed to close this case.

Dated this 5th day of June, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge